IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,435 






EX PARTE CECIL RAY MCDONALD, AKA CECIL RAY TRIMBLE, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2000-434,614 IN THE 364TH DISTRICT COURT

LUBBOCK COUNTY






 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of murder and sentenced to confinement for sixty years. No direct
appeal was taken.

 Applicant contends that he was denied his right to appeal. The trial court entered
findings of fact and conclusions of law recommending that Applicant be granted an out-of-time appeal. We agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires appointed counsel
to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals
are exhausted, or the attorney is relieved of his duties or replaced by other counsel." The duty
to perfect an appeal attaches whether counsel is appointed or retained. See Ex parte Axel, 757
S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted to appeal, counsel had
the duty to timely file a motion for new trial or give timely notice of appeal, unless relieved
by the trial court or replaced by other counsel.

 Habeas corpus relief is granted, and Applicant is granted an out-of-time appeal from
his conviction in cause number 2000-434,614 from the 364th District Court of Lubbock
County. The proper remedy in a case such as this is to return Applicant to the point at which
he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all
time limits shall be calculated as if the conviction had been entered on the day that the
mandate of this Court issues. We hold that Applicant, should he desire to prosecute an
appeal, must take affirmative steps to see that notice of appeal is given within thirty days
after the mandate of this Court has issued.

DO NOT PUBLISH

DELIVERED: June 14, 2006